## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:05CV413-C |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| CUSTOM INDUSTRIES, INC. d/b/a GREASE MASTER | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Ramon Peoples who was adversely affected by the practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Custom Industries, Inc. d/b/a Grease Master ("Defendant") discriminated against Ramon Peoples by subjecting him to a racially hostile work environment because of his race, African American. The Commission further alleges that Defendant discriminated against Mr. Peoples by discharging him for complaining about the racially hostile work environment, or in the alternative, by constructively discharging him.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Indian Trail and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Ramon Peoples filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    From around June 2001 until around July 2004, Defendant engaged in unlawful employment practices at its Indian Trail, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Ramon Peoples to

2

discrimination based on his race, African American, by subjecting him to severe or pervasive racial comments that created a racially hostile work environment. The racial comments included name calling, such as "nigger," "boy," "monkey" and "spook," all of which were unwelcome to Mr. Peoples. The harassment was perpetrated by Mr. Peoples' supervisor and a co-worker. Although Mr. Peoples complained to Defendant about the racial harassment in or around December 2003, and Defendant otherwise knew or reasonably should have known about it, Defendant failed to take prompt or effective action to stop it. On or about July 9, 2004, Defendant constructively discharged Mr. Peoples based on his race, by making his work environment so intolerable that he reasonably felt compelled to resign.

8. In the alternative, on or about July 9, 2004, Defendant engaged in unlawful employment practices at its Indian Trail, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Ramon Peoples because he opposed employment practices made unlawful by Title VII. Specifically, Mr. Peoples complained about racial harassment in or around December 2003, and Defendant discharged him in retaliation for complaining about the racial harassment.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Ramon Peoples of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

10. The effect of the practice complained of in paragraph 8 above has been to deprive Ramon Peoples of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII.

3

11.     The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

12.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Ramon Peoples.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ramon Peoples by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to reinstatement or front pay.

D.     Order Defendant to make whole Ramon Peoples by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including medical expenses, in amounts to be determined at trial.

4

E.    Order Defendant to make whole Ramon Peoples by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.    Order Defendant to pay Ramon Peoples punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

5

DATED this the 26th day of September, 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507


LYNETTE A. BARNES
Acting Regional Attorney


MARY M. RYERSE
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6886


ATTORNEYS FOR PLAINTIFF

6