**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:05cv413 |
| v. | ) ) ) | CONSENT DECREE |
| CUSTOM INDUSTRIES, INC. D/B/A GREASE MASTER, | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant Custom Industries, Inc. d/b/a Grease Master ("Defendant") discriminated against Ramon Peoples by subjecting him to a racially hostile work environment because of his race, African American. The Commission further alleged that Defendant discriminated against Mr. Peoples by discharging him for complaining about the racially hostile work environment, or in the alternative, by constructively discharging him.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Ramon Peoples the sum of fifty thousand dollars ($ 50,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing two checks payable to Ramon Peoples. A payment of twenty-five thousand dollars ($25,000) shall be made within twenty (20) days after the Court approves this Consent Decree and payment of the remaining twenty-five thousand dollars ($25,000) shall be made on or before July 15, 2006. Defendant shall mail each check to Ramon Peoples at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. Peoples.

4. Payment of the amount agreed upon in paragraph 3 is conditioned upon Defendant counsel's receipt of a fully executed Release and Waiver from Ramon Peoples. Defendant agrees to pay up to two hundred dollars ($200.00) for Mr. Peoples to retain private counsel for the sole purpose of reviewing Defendant's release. Payment will be made directly to the attorney chosen and designated by Mr. Peoples.

5. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Ramon Peoples any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2004-06106 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Defendant agrees to provide Ramon Peoples with a positive letter of reference, a copy of which is attached hereto, marked as Appendix A. In addition, if Defendant receives any inquiries regarding the employment of Mr. Peoples, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter. Within ten (10) days of responding to any inquiry regarding the employment of Mr. Peoples, Defendant shall report compliance to the Commission, including the name and address of the person or entity to whom the letter was provided.

7. Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include, but not be limited to, the following:

   a. A statement explaining that harassment based on race will not be tolerated;

   b. An explanation of prohibited conduct;

   c. Assurance that employees who make complaints of harassment or provide information related to such complaints will be protected against retaliation;

   d. A clearly described complaint process that provides at least three (3) accessible avenues of complaint;

   e. Assurance that the employer will protect the confidentiality of harassment complaints to the extent possible;

   f. A complaint process that provides prompt, thorough, and impartial investigations; and

   g. Assurance that the employer will take immediate and appropriate corrective action when it determines that harassment has occurred.

8. Defendant shall distribute to each current employee a copy of the policy referenced in paragraph 7 above, within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission, including providing a copy of the policy to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees at the time of hire and review it with them at the time of hire.

9. During the term of this Decree, Defendant agrees to post a copy of the policy, referenced in paragraph 7 above, in all its facilities in a place where it is visible to employees. If

the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

10.     During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against race harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post, at each of its facilities, a copy of the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five

(45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

  12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. The identities of all individuals who complained of or reported any conduct he/she believed to be racial harassment under Title VII or a violation of Defendant's racial harassment policy (referenced in paragraph 7 above), including by way of identification each person's name, last known telephone number and address, social security number, and job title;

    B. The name of the individual who allegedly engaged in the racial conduct as well as a detailed description of the alleged racial conduct; and

    C. A detailed description of what action, if any, Defendant took in response to the report/complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

  13. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

  14. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional

period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Decree shall be for three (3) years from its entry by the Court.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: June 8, 2006

Robert J. Conrad, Jr.
Chief United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| This 31st day of May 2006. | This 30th day of May 2006. |
| **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **DEFENDANT CUSTOM INDUSTRIES, INC. D/B/A GREASE MASTER** |
| JAMES L. LEE<br>Deputy General Counsel | s/ Alexander L. Maultsby<br>ALEXANDER L. MAULTSBY, ESQ. (N.C. Bar No. 18317)<br>SMITH MOORE, LLP<br>300 N. Greene Street, Suite 1400<br>Greensboro, NC 27401<br>Phone: 336.378.5331<br>Fax: 336.378.5400<br>e-mail: alex.maultsby@smithmoorelaw.com |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | |
| s/ Lynette A. Barnes<br>LYNETTE A. BARNES (N.C. Bar No. 19732)<br>Regional Attorney<br>e-mail: lynette.barnes@eeoc.gov | ATTORNEY FOR DEFENDANT |
| s/ Mary M. Ryerse<br>MARY M. RYERSE (S.C. Bar No. 68387)<br>Trial Attorney<br>e-mail: mary.ryerse@eeoc.gov | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Phone: 704.344.6886<br>Fax: 704.344.6780 | |
| ATTORNEYS FOR PLAINTIFF | |